IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James R. Plyer, #120900, | ) | |
| | ) | C/A No. 6:05-CV-3367-DCN-WMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER and OPINION** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     This petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, is before the court upon the magistrate judge's recommendation that respondent's motion for summary judgment be granted and petitioner's request for habeas corpus relief be denied. The record includes a Report and Recommendation ("Report") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court adopts the magistrate judge's Report.

## I.  BACKGROUND

     Proceeding pro se, plaintiff seeks relief pursuant to 28 U.S.C. § 2254 on three grounds. First, petitioner alleges he received in effective assistance of counsel at his original trial because one of his attorneys received a plea offer of manslaughter with a thirty-year sentence but failed to notify petitioner and petitioner's other attorneys. Second, petitioner alleges he was subjected to "ex post facto" violations when he was evaluated for parole in 1998 because the reviewing board considered factors adopted by the legislature after plaintiff was charged with his crime. Finally, plaintiff alleges the parole board infringed on his "liberty interest" by not using the criteria that was in place

1

at the time he was charged.

The court adopts the magistrate judge's thorough recitation of the facts and procedural history, and will only briefly elaborate on relevant aspects. Petitioner is incarcerated by the South Carolina Department of Corrections. He was convicted in 1984 of murder and armed robbery, and sentenced to life imprisonment. Petitioner appealed to the South Carolina Supreme Court, which summarily affirmed, and then filed his first application for post-conviction relief (PCR) in 1990. Petitioner asserted various grounds for relief, none of which included the claim he now includes based on his attorney's alleged failure to communicate a plea offer. However, the subject of the purported manslaughter plea offer was raised at that initial PCR hearing. The judge questioned one of petitioner's original attorneys about attempts to reach a plea agreement. The attorney testified that the assistant solicitor offered a guilty plea for manslaughter and that he communicated the offer to petitioner. The state claimed that no offer to plea to manslaughter had been offered. Petitioner was denied post-conviction relief.

Petitioner then appealed to the South Carolina Supreme Court, which affirmed the dismissal of his PCR application. Petitioner filed his first petition for federal habeas corpus relief in 1993, which the court interpreted to raise the same grounds as those asserted in the PCR hearing. This court, per Judge Perry, denied the request for habeas relief.

In 2004, petitioner filed his second PCR application. His grounds for relief were essentially the same as those asserted here. Petitioner's application was denied on statute of limitations grounds and because it was successive to his prior application. The South

Carolina Supreme Court dismissed the appeal for petitioner's failure to provide sufficient explanation of the grounds for appeal.

## II.  STANDARD OF REVIEW

This court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's Report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report.  <u>See</u> 28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  This court is not required to review under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  <u>See</u> <u>id.</u> at 149-50; <u>see</u> <u>also</u> <u>McCarthy v. Manson,</u> 714 F.2d 234, 237 (2d Cir. 1983) (stating that "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision).  General objections will not suffice to obtain judicial review of a magistrate judge's findings.  <u>See</u> <u>Howard v. Secretary of Health & Human Servs.</u>, 932 F.2d 505, 508-09 (6th Cir. 1991).

Summary judgment shall be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  <u>Anderson v. Liberty</u>

Lobby, Inc., 477 U.S. 242, 249 (1986). The trial judge will grant summary judgment "if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." Id. The judge is not required to make findings of fact. See id. Rather, the threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. Summary judgment provides an avenue "to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

### III.  DISCUSSION

The magistrate judge concluded summary judgment is appropriate on all of plaintiff's grounds for relief. First, the magistrate judge recommended dismissing plaintiff's ineffective assistance of counsel claim as barred by 28 U.S.C. § 2244(b)(2). Second, the magistrate judge recommended dismissing plaintiff's claim on parole criteria because plaintiff has not yet exhausted his state judicial remedies. Petitioner has objected to both recommendations.

**A.     Petitioner's Ineffective Assistance of Counsel Claim**

The magistrate judge correctly concluded that plaintiff's ineffective assistance of counsel claim is barred by § 2244(b)(2). That provision establishes the general rule that a claim presented in a second habeas application that was not presented in the prior application shall be dismissed. Plaintiff did not raise ineffective assistance of counsel for failing to communicate the alleged plea agreement as a ground in his first habeas application.

Moreover, plaintiff's ineffective assistance claim does not fit either exception to the general rule. First, plaintiff has not shown that his claim relies on a new, retroactive rule of constitutional law. See 28 U.S.C. § 2244(b)(2)(A). Second, the factual predicate for the claim could have been discovered through due diligence prior to the first petition. See id. § 2244(b)(2)(B)(i). The subject of the plea agreement was discussed at his initial PCR hearing and that discussion, which occurred approximately two years before his first habeas petition, provided petitioner with ample notice of the ground presented here. Finally, plaintiff has also not demonstrated that the facts underlying his claim would be sufficient to establish by clear and convincing evidence that no reasonable factfinder could have found him guilty. See id. § 2244(b)(2)(B)(ii).

### B.    Petitioner's Parole Claims

The magistrate judge also correctly concluded that plaintiff is barred from asserting claims regarding the parole board's decisionmaking process. Before seeking federal habeas relief, a petitioner must first exhaust his state judicial remedies. 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied if the petitioner has afforded the highest court of the state a "full and fair opportunity" to consider the claims presented in the habeas petition. Picard v. Connor, 404 U.S. 270, 276 (1971). If state law requires the petitioner to first exhaust his state administrative remedies before pursuing state judicial remedies, then administrative exhaustion is necessarily included in § 2254(b). Markham v. Clark, 978 F.2d 993, 994 (7th Cir. 1992) ("In states in which the rejection of a prisoner's claim for an administrative remedy is appealable to a state court, exhaustion of a state judicial remedies entails exhaustion of the administrative remedies that are the

precondition for seeking those judicial remedies."). Though the Fourth Circuit has not had opportunity to address exhaustion of administrative remedies, the Markham court's reasoning is persuasive. Section 2254(b) requires a prisoner to exhaust judicial remedies. If state law only allows the plaintiff to exhaust judicial remedies following exhaustion of administrative remedies, then the plaintiff must pursue those administrative channels as part of satisfying § 2254(b).

Plaintiff raised his parole criteria claims in his 2004 PCR application, but the presiding judge ruled the allegations were not valid claims in PCR. Rather, the judge stated, petitioner should bring the claims administratively pursuant to the South Carolina Administrative Procedures Act. The South Carolina Supreme Court has held the type of claims a prisoner can assert in PCR applications are finite: "[A]side from two non-collateral matters specifically listed in the PCR Act, PCR is a proper avenue of relief only when the applicant mounts a collateral attack challenging the validity of the underlying conviction or sentence as authorized by Section 17-27-20(a)." Al-Shabazz v. State, 338 S.C. 354, 367, 527 S.E.2d 742, 749 (2000). Attacks on the decisions of parole boards are not included in S.C. Code Ann. § 17-27-20(a), and the Al-Shabazz court expressly held that claims regarding sentence-related credits are not proper PCR claims. Al-Shabazz, 338 S.C. at 367, 527 S.E.2d at 749. Similarly, claims asserting the parole board considered improper factors in making a parole-related decision are non-collateral to the underlying conviction or sentence.

The South Carolina Administrative Procedure Act permits judicial review of an administrative ruling, but only after the plaintiff has exhausted his administrative

remedies. S.C. Code Ann. § 1-23-380(a). Further, the South Carolina Supreme Court has held the proper way to challenge most final decisions of Department of Probation, Parole and Pardon Services is by the procedures outlined in the Administratives Procedure Act. <u>Furtick v. South Carolina Dep't of Probation, Parole, and Pardson Servs.</u>, 352 S.C. 594, 597-98, 576 S.E.2d 146, 148-89 (2003). <u>Furtick</u> also involved a prisoner's claim alleging the law that guided the parole board was an <u>ex post facto</u> law that improperly made him ineligible for parole. <u>Id.</u> at 597, 576 S.E.2d at 148. That allegation, the court held, was covered by the Administrative Procedures Act. <u>Id.</u> at 599, 576 S.E.2d at 149.

Plaintiff here was required to bring his claim via the state Administrative Procedures Act before pursuing state judicial remedies. Plaintiff has failed to do so and has therefore not met the exhaustion requirement of § 2254(d).

## VI.  CONCLUSION

For the forgoing reasons, the court adopts the magistrate judge's recommendation. It is hereby **ORDERED** that respondent's motion for summary judgment be **GRANTED** and petitioner's request for writ of habeas corpus be **DENIED**.

 

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 16, 2007**
**Charleston, South Carolina**